UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KEVIN PLANK, | ) | CASE NO. 1:05 CV 2255 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 26, 2005, pro se plaintiff Kevin Plank filed the above-captioned in forma pauperis action against defendant United States Department of Education and Sallie Mae. Mr. Plank alleges that the defendants are engaged in "price discrimination and collusion in an interest fixing scheme." He asserts that the parties are in violation of "US Anti Monopolistic laws" and he is seeking $500,000.00 in damages. For the reasons set forth below, this action is dismissed.

The complaint, which is unclear, contains few relevant allegations. Mr. Plank took out a Stafford Student Loan which was consolidated by Sallie Mae in 1998 at an 8.25% rate of

interest.[1] He complains that he and other borrowers have no control over the interest rate that is applied at the time the loan is consolidated. Furthermore, once the loan is consolidated, a borrower is not permitted to "reconsolidate or refinance the entire loan package at a lower rate due to a federal law." (Compl.at 1.) He claims that the inability to reconsolidate a Stafford Loan at a lower rates "violates laws to encourage competition and has created a pricing discrimination policy for college graduates that graduated before 2000 under the anti monopolistic acts." (Compl. at 1.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

---

[1] A Stafford Loan is a variable rate loan that changes every July 1, regardless of when the loan is taken out. The only way to lock in a rate is to consolidate the Stafford Loan. The loan may be used towards the total cost of education - tuition, room and board, books, and other education-related expenses.

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

There is no statement or reference in the complaint that sets forth a basis for this court's jurisdiction over the matter.  Moreover, principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even under the liberal notice pleading requirements of Federal Civil Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.  See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[3]  Mr. Plank's claim that the defendants have violated "Anti Monopolistic laws"

---

[3]Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several
>
> (continued...)

is too vague to meet the requirements of Rule 8. Such legal conclusions are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see e.g. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (a pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Based on the foregoing, Mr. Plank's motion to proceed in forma pauperis is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 12/5/05*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
different types may be demanded.

FED. R. CIV. P. 8(a).

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."